IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAMOND KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00492-S-BT |
| | § | |
| UNITED STATES POSTAL | § | |
| SERVICE AGENCY, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action is Plaintiff Diamond King's Combined Request for Clerk's Entry of Default and Motion for Default Judgment (ECF No. 11). Because King has not obtained an entry of default from the Clerk, and additionally because Defendants have indicated an intent to defend this action, the District Judge should DENY King's Motion for Default Judgment.

**Background**

King, proceeding *pro se*, filed this civil action against Defendants the United States Postal Service Agency (USPS), Angelia Vence-Grisby, and Maria Rosales, on February 29, 2024. Compl. 1 (ECF No. 3). On April 3, 2024, King filed notices purporting to prove service on Defendants. *See* ECF Nos. 8, 9, 10. In each filing, King signs the proof of service form herself and

1

represents that she attempted to serve Defendants through certified mail. She also attaches copies of USPS Tracking updates.

King subsequently filed the Combined Request for Clerk's Entry of Default and Motion for Default Judgment (ECF No. 11). The Clerk properly declined to issue default due to defective service. *See* ECF No. 12 ("The clerk declines to issue default as service does not appear to comply with the element of FRCP 4.").

On May 17, the Court issued on order advising King that she is responsible for properly serving each of the Defendants with a summons and a copy of her complaint in accordance with Federal Rule of Civil Procedure 4. *See* Order (ECF No. 14). The Court specifically advised King that she may not serve the Defendants herself, since Rule 4 requires that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." Order 1-2 (citing Fed. R. Civ. P. 4(c)(2)). The Court also provided Rule 4(i)'s specific instructions for serving the United States and its agencies, corporations, officers, or employees. To date, King has not filed proof of proper service on Defendants.

On June 26, King requested the Court extend her service deadline. *See* Mot. (ECF No. 15). However, on July 29, 2024, Defendants each appeared in this action by filing a joint Motion to Dismiss (ECF No. 16). Defendants argue the Court should dismiss King's claims under Rule 12(b)(5) for failure to properly serve or under Rule 12(b)(6) for failure to state a claim.

## Legal Standard and Analysis

Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id*. The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)).

A defendant's obligation to respond to a complaint is not triggered until it has been "served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). *See also Rogers v. Hartford Life & Accident Ins., Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint."); *Broad. Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court.").

Here, King has not satisfied any of the three steps required to obtain default judgment. Specifically, as default by Defendants and the entry of default by the Clerk's office are prerequisites to entry of default judgment by the Court, King's Motion for Default Judgment should be denied. *See generally New York Life Ins. Co.*, 84 F.3d at 141; Fed. R. Civ. P. 55(a) and (b).

Alternatively, King's Motion for Default Judgment should be denied because the Defendants have clearly indicated an intent to defend this action by filing a joint motion to dismiss. *See Burton v. Madix Store Fixtures*, 2006 WL 3247329, at *2 (N.D. Tex. Nov. 9, 2006) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989)).

## Recommendation

For the foregoing reasons, the District Judge should DENY King's Motion for Default Judgment (ECF No. 11).

**SO RECOMMENDED**.

August 2, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).