IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIAMOND KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:24-cv-00492-S-BT |
| § | |
| UNITED STATES POSTAL SERVICE § | |
| AGENCY, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* civil action, Defendants filed a motion seeking dismissal of Plaintiff's claims on multiple grounds, including lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, and improper service of process. For the reasons set forth below, the District Judge should GRANT the motion (ECF No. 27) and DISMISS Plaintiff's claims with prejudice under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(5). The Court should DENY King's Third Motion to Amend her Complaint (ECF No. 39).

**Background**

This case arises out of King's employment as a rural mail carrier at a United States Postal Service (USPS) facility in Rowlett, Texas from June 2017 to December 2021. Second Am. Compl. 5-8 (ECF No. 30). King alleges that she was harassed and subjected to a hostile work environment, paid less than a male colleague, wrongfully terminated (although she was thereafter "brought back" to work before

1

she resigned in 2021), and retaliated against for filing Equal Employment Opportunity complaints. *See generally id.* Specifically, King contends that after applying for a supervisor position, she was intermittently taken off the schedule and, when she was on the schedule, given a work vehicle that was "not safe" with "no breaks" and "no lights." *Id.* at 6. King asserts that despite the one-day-a-week schedule guarantee for USPS non-career employees, King was kept off the schedule for "weeks to months at a time." *Id.* And once she was promoted to a career position, King was paid as a non-career employee and placed on a route "demoted and measured for a non-career employee." *Id.*

King further alleges that the Postmaster at her location allowed King's supervisor to bully her by removing King's package cart from her workstation and "push[ing] it into the mail case where every coworker goes to get the mail that needs to be sorted." *Id.* King also claims that her route was reassigned to an individual with less seniority while she was instructed to drive an unsafe vehicle, subsequently "got in a wreck," was taken off the schedule pending her drivers' training, and then terminated before being reinstated. *Id.* at 7. Finally, King contends a route with higher pay was awarded to a male colleague with less seniority than her. *Id.* And when she was promoted to a route previously held by a male colleague, it was then evaluated to a lower salary than he received for it and "another carrier receiv[ed] credit for the route." *Id.* at 8.

King claims that because of these actions, she lost "enjoyment of life, endured evictions, repossession and loss of transportation" affecting both her and

2

her children's physical, mental, and emotional health. *Id.* at 8. In December 2021, King was "force[d] to resign" after experiencing "[an] artery spasm, emotional distress, [and] loss of stability." *Id.*

Based on these alleged facts, King filed a federal complaint asserting various claims against the USPS; USPS Chief Executive Officer and Postmaster General, Louis DeJoy; her former supervisor, Angelia Vence-Grisby; and the Postmaster at the Rowlett, Texas USPS facility, Maria Rosales, including: a tort claim for intentional infliction of emotional distress (IIED); claims of retaliation, hostile work environment, and wrongful termination, which the Court construes as Title VII claims; and a breach of contract claim. *Id.* 5-8. King seeks $60 million in compensatory and punitive damages and an order directing that USPS expunge adverse materials relating to her employment, remove investigative interviews from her employment record, and place her in an HR position at the USPS at the G15 pay scale, Step 4. *Id.* at 8.

Defendants filed a joint Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6). Mot. Dismiss (ECF No. 27). King responded to Defendants' Motion (ECF No. 29) and Defendants filed a reply (ECF No. 32). King also filed a motion for leave to amend her complaint (ECF No. 30) to add the United States as a defendant—which the Court granted. *See* Order (ECF No. 38). The Court did not require Defendants to answer, respond, or otherwise plead in response to King's second amended complaint. Rather, the Court advised the parties that it will construe Defendants' pending motion to dismiss King's First Amended Complaint

as having been filed in response to the second amended complaint (ECF No. 30, Ex. A). Therefore, the Motion is ripe for determination.

## Legal Standards

1. <u>Lack of Subject Matter Jurisdiction under Rule 12(b)(1)</u>

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.*

Lack of subject matter jurisdiction may be found by looking at (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161

4

(5th Cir. 2001). The plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

2. Insufficient Service of Process under Rule 12(b)(5)

Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). "Good cause" under Rule 4(m) is defined as "at least as much as would be required to show excusable neglect . . . simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore Inc.*, 776 F.2d 1304, 1206 (5th Cir. 1985). Additionally, "good cause" normally requires a showing of good faith on the serving party and "some reasonable basis for noncompliance within the time specified." *Id.* Where a plaintiff has not demonstrated good cause, the court has the discretion to either dismiss the case or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). A plaintiff's *pro se* status does not excuse the failure to properly effect service. *Sys. Signs Supplies*, 903 F.2d at 1013 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

3. <u>Failure to State a Claim under Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings.") (citing *Spivey*, 197 F.3d 772, 774 (5th Cir. 1999)), aff'd, 824 F. App'x 210 (5th Cir. 2020).

## Analysis

1. <u>The District Judge should find that the Court lacks subject matter jurisdiction over King's tort claim against the USPS and the individual defendants, as the United States is the only proper defendant under the FTCA.</u>

King brings an IIED claim against all Defendants. Though sovereign immunity shields the federal government and its agencies from suit, the Federal Tort Claims Act (FTCA) waives sovereign immunity, thus granting the federal district courts jurisdiction, for certain types of claims. Under the FTCA, the United States waives sovereign immunity for claims:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the

7

> negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

Accordingly, "a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (citing 28 U.S.C. § 2679(a) (1982)). And it is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a [FTCA] suit." *Id.*; *see also Walters v. Smith*, 409 F. App'x 782, 783-84 (5th Cir. 2011) (per curiam) (holding that because FTCA claims may be brought only against the United States, and not agencies of the United States, the FTCA provides no jurisdictional basis for FTCA claims against agency employees). When a federal agency is named as a party in a claim arising out of tortious conduct, the court should dismiss the claims against the agency for lack of subject matter jurisdiction. *Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) (per curiam). Therefore, King's tort claims against the USPS (a federal agency), DeJoy (head of the federal agency), Rosales and Vence-Grisby (federal agency employees) must be dismissed for lack of subject matter jurisdiction. *Galvin*, 860 F.2d at 183 (citations omitted) ("[A]n FTCA claim against a federal agency . . . as opposed to the United States itself must be dismissed for want of jurisdiction."); *see also Mokwue v. United States*, 884 F. Supp. 228, 231 (N.D. Tex. 1995)

8

(dismissing without prejudice plaintiff's lawsuit against the Customs Service and Treasury Department because the "only proper defendant in a tort action is the United States").

2. <u>The District Judge should find that King's remaining tort claim against the United States is preempted by Title VII.</u>

Both King's tort claim and her Title VII claims rely on the same facts. *See* Second Am. Compl. 7-8. Defendants argue that Title VII preempts her tort claim. Mot. Dismiss 9 (ECF No. 27).

In the Fifth Circuit, "when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is not sufficiently distinct to avoid preemption." *Pfau v. Reed*, 125 F.3d 927, 932 (5th Cir. 1993), *vacated on other grounds*, 525 U.S. 801 (1998), *reinstated in relevant part*, 167 F.3d 228, 229 (5th Cir. 1999) (internal quotations and citation omitted); *see also Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) ("insofar as [plaintiff]'s allegations of [non-Title VII claims] arise out of the same facts as his [Title VII] claims, they are preempted by Title VII and cannot afford an independent ground for relief."). As a result, District Judge should dismiss King's remaining tort claim against the United States under Rule 12(b)(6) for failure to state a claim for relief. *See Davidson v. U.S. Dep't of Homeland Sec.*, 2020 WL 955640, at *3-4 (N.D. Tex. Feb. 26, 2020) (dismissing plaintiff's claim for intentional infliction of emotional distress when precluded by Title VII claims); *Howe v. Yellowbrook, USA*, 840 F. Supp. 2d 970, 979 (N.D. Tex. Dec. 21, 2011)

9

(same); *Ressel v. Christie*, 2003 WL 21501957, at *1 (N.D. Tex. June 26, 2003) (same); *Reynolds v. Rubin*, 1998 WL 204636, at *1 (N.D. Tex. Apr. 20, 1998) (same).

3. <u>The District Judge should find that King failed to state a Title VII claim against Vence-Grisby and Rosales because the only proper defendant under Title VII is the head of the agency, DeJoy.</u>

King brings her Title VII claims against DeJoy, Vence-Grisby, and Rosales. Defendants argue that DeJoy, as the Postmaster General and USPS Chief Executive Officer, is the only proper defendant under Title VII, and King's Title VII claims against Vence-Grisby and Rosales should be dismissed. Mot. Dismiss 11.

"Under Title VII . . . the proper defendant is 'the head of the department, agency, or unit, as appropriate.'" *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (citing 42 U.S.C. § 2000e–16(c)). Accordingly, the proper defendant for King's Title VII claims is DeJoy as the head of the agency and the Title VII claims against Vence-Grisby and Rosales should be dismissed under Rule 12(b)(6) for failure to state a claim for relief.

4. <u>The District Judge should dismiss any remaining claims for failure to serve.</u>

Defendants argue that King has failed to show proper service on any Defendants and her complaint should be dismissed in its entirety for this reason. Mot. Dismiss 8 (ECF No. 27). To properly serve any Defendant, King must comply with Federal Rule of Civil Procedure 4(i).[1] King's attempts at service fall short. She

---

[1] Federal Rule of Civil Procedure 4(i) provides the following instructions for serving the United States and its agencies, corporations, officers, or employees:

10

filed an affidavit of purported proof of service, *see* Aff. (ECF No. 23), but it is unclear whether the exhibits attached to the Affidavit were included in the certified mail sent to the address of the Attorney General, or are offered to attempt to show proof of King's other unsatisfied service requirements. *See Aff.*, Ex. A, B, D, Mot. Extend Time (ECF No. 15). As Defendants point out in their Motion to Dismiss, King must send a copy of the complaint and summons for each of the defendants in the mailing to the Attorney General to properly serve the United States, which

---

(1) ***United States***. To serve the United States, a party must:

    (A)    (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

    (B)    send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

    (C)    if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) ***Agency; Corporation; Officer or Employee Sued in an Official Capacity***. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

11

is one step to properly serving the USPS, DeJoy, Vence-Grisby, and Rosales. Mot. Dismiss 8 (ECF No. 27); Fed. R. Civ. P. 4(i)(1)(B).

King filed a separate purported proof of service for Vence-Grisby, *see* ECF No. 36-1, in which she properly serves Vence-Grisby in her personal capacity. However, this service does not overcome the deficiencies in King's service of the United States as part of the requirement to serve Vence-Grisby in her official capacity.

Despite King's failure, "[t]he Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n occasions where the Court has granted dismissal for improper service, it was only after multiple chances were given." *Coleman v. Carrington Mortg. Serv., LLC*, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (emphasis in original) (internal quotation marks omitted); *see also Styles v. McDonalds Restaurant*, No. 4:17-cv-791 (E.D. Tex. July 24, 2019), ECF No. 56 (declining to dismiss the case under Rule 12(b)(5) until "Plaintiff failed to properly serve Defendant after multiple opportunities and failed to demonstrate good cause for such failure") (emphasis added); *Bowling v. Childress-Herres*, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019) (providing plaintiff multiple opportunities to serve defendant), *adopted by* 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019). The Court has given King multiple chances to properly serve Defendants, guiding her with detailed instructions to follow, *see* ECF Nos. 14 and 19, as have the Defendants in their motion to dismiss (ECF No. 27), reply (ECF No. 32), and other filings over the past few months. The Court finds that King has been given

multiple opportunities to serve Defendants and has not demonstrated good cause for her failure. Accordingly, the District Judge should dismiss any remaining claims for failure to serve under Rule 12(b)(5).

## Leave to Amend

King has filed a Third Motion to Amend her Complaint (ECF No. 39), by which she seeks to amend her complaint to "name the United States as a defendant," "list jurisdiction for which relief can be granted," and "amend the prayer due to cost of living adjustments." *Id.* at 2. (cleaned up). The Court should DENY King's Motion and any further leave to amend.

Leave to amend is "entrusted to the sound discretion of the district court[,]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), abrogated on other grounds by *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1988)), and Federal Rule of Civil Procedure 15(a) requires that courts freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2)); *see also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (motions for "leave to amend [should be granted] 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'"). But, such relief is not automatic. The Court considers five factors in determining whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, [and] futility of amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, the relevant factors weigh against allowing King leave to amend a third time. King has amended her complaint twice already, and she has failed to cure the deficiencies in her pleading. The Court also warned King in its December 31, 2024 Order (ECF No. 38) that her Second Motion for Leave to Amend would be her "final opportunity" to amend. Further, the proposed amendment is futile to the extent it seeks to add the United States as a defendant because the Court previously granted King's Second Motion to Amend (ECF No. 30). *See* Order (ECF No. 38). Finally, King has unduly delayed seeking leave to amend. Indeed, she offers no explanation for why she did not previously request relief in the form of reinstatement to an HR position in Step 10 of the pay grade scale.

Accordingly, the Court should deny King a third opportunity to amend her complaint. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) ("The district court did not abuse its discretion by refusing [p]laintiffs [a third] opportunity to plead their case and dismissing [p]laintiffs' federal claims with prejudice."); *see also Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citations omitted).

## Recommendation

The District Judge should GRANT Defendants' Motion to Dismiss (ECF No. 27) and DISMISS King's claims with prejudice under Rules 12(b)(1), 12(b)(6), and 12(b)(5). The Court should DENY King's Third Motion to Amend her Complaint (ECF No. 39).

**SO RECOMMENDED.**

January 14, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).