IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAMOND KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00492-S-BT |
| | § | |
| UNITED STATES POSTAL SERVICE | § | |
| AGENCY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Diamond King, who is proceeding *pro se*, seeks leave to proceed *in forma pauperis* (IFP) in her appeal to the Fifth Circuit of this Court's dismissal of her civil action. For the reasons stated below, the Court should deny Plaintiff's motion for leave to proceed IFP (ECF No. 45).

To proceed IFP on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for IFP status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the

merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed IFP. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

Plaintiff initiated this civil action on February 29, 2024, when she paid the $405 filing fee to open her case. *See* ECF No. 1 and 3. In her IFP application, Plaintiff states that she received approximately $3,795 a month over the past year from her current job at Texas Health and Human Services.[1] Appl. 1 (ECF No. 45). She also claims to own a car worth $17,995. *Id.* at 3. Plaintiff lists two sons, ages ten and eleven, as her dependents. *Id.* She states she has a negative balance in her checking account, *id.* at 2, and her expenses total $3,118 a month, *id.* at 4-5. Plaintiff also states that she has spent or will be spending $1,470 in expenses and attorney fees in conjunction with this action. *Id.* at 5 (ECF No. 45).

In sum, the financial information provided shows Plaintiff is employed, and her income covers her liabilities. Accordingly, the Court finds Plaintiff fails to show financial eligibility to proceed IFP on appeal. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) ("There is no absolute right to be allowed to proceed *in*

---

[1] On page 1 of her application, Plaintiff states that she expects to earn only $2,980 next month, but on page 2, she provides that her gross monthly pay remains unchanged. Appl. 1-2 (ECF No. 45)

*forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious.") (citing 28 U.S.C. § 1915). The Court need not consider whether Plaintiff can present any nonfrivolous issue for appeal.

## Recommendation

The District Judge should DENY Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 45).

**SO RECOMMENDED.**

March 31, 2025.

                REBECCA RUTHERFORD
                UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).